IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITRIN AUTO AND HOME INSURANCE : 
COMPANY : 
12926 Gran Bay Parkway West : CIVIL ACTION NO.
Jacksonville, Florida 32258 : 
: 
: 
Plaintiff : 
: 
: 
v. : **JURY TRIAL DEMANDED**
: 
CLAYTON CORPORATION OF DELAWARE : 
d/b/a CONVENIENCE PRODUCTS : 
866 Horan Drive : 
Fenton, Missouri 63026 : 
: 
Defendant. : 
: 

## COMPLAINT

Plaintiff, UNITRIN AUTO AND HOME INSURANCE COMPANY, alleges and says:

## THE PARTIES

1.      The Plaintiff in this case is UNITRIN AUTO AND HOME INSURANCE

COMPANY (hereinafter "Plaintiff" or "Unitrin") which, at all times material hereto, was a New

York corporation with a place of business located at 12926 Gran Bay Parkway Jacksonville,

Florida 3225 which was and is, at all times material hereto, doing business in the Commonwealth

of Pennsylvania.

2.      Unitrin was and is in the business of providing and selling property and related

insurance in the Commonwealth of Pennsylvania.

3.      At all times material hereto, Unitrin provided property and related insurance to

Michael Jason Barrick and his family ("Barrick" or "Barricks") for their home and property

located at 574 Dix Hill Road, New Bloomfield, Pennsylvania (the "Property") under policy number RC968982.

4.     The Defendant Clayton Corporation of Delaware d/b/a Convenience Products (hereinafter "Convenience") is a Delaware corporation with a principal place of business located at 866 Horan Drive, Fenton, Missouri and was at all times material hereto doing business in the Commonwealth of Pennsylvania.

5.     At all times material hereto, Convenience was in the business of designing, manufacturing and selling, among other things, two part polyurethane spray foam insulation and the equipment used for the application of the spray foam including Touch n' Seal two component spray foam insulation and related equipment.

## JURISDICTION AND VENUE

6.     This action is commenced pursuant to 28 U.S.C. § 1332, as the parties are citizens of diverse jurisdictions and the amount in controversy, exclusive of interests and costs, is in excess of Seventy-Five Thousand dollars ($75,000.00).

7.     Venue in this action lies in this District pursuant to 28 U.S.C. § 1391, as the loss occurred in this District and the defendant is subject to personal jurisdiction within this District.

## FACTS RELEVANT TO ALL COUNTS

8.     On or about January 2, 2015, Appalachian Insulation Supply, Inc. ("Appalachian") sold Barrick d/b/a MJ Barrick HVAC, Convenience Product's Two Component Foam 600 with kit, 600 foam with 30 foot hose kit (P2 gun) and a  foam kit 1000 complete (30 foot hose) (the "Product" or "Products").

9.     Upon information and belief, the Products sold by Convenience to Appalachian and by Appalachian to Barrick d/b/a MJ Barrick HVAC included color coded hoses, 2 component foam insulation canisters, foam insulation applicator, nozzles, chemical resistant gloves, assembly wrench, "O" ring and petroleum jelly.

10.     On or about March 22, 2015, Barrick was using the Products to insulate the attic of the Property.

11.     During the course of the application of the Product, Barrick noticed that the foam insulation was smoking, glowing and burning. The fire traveled from the foam to other parts of the Property consuming and destroying the Property (the "Incident").

12.     Upon information and belief, the Product spontaneously combusted resulting in the damage and destruction of the Barrick Property.

13.     As a result of the damage to their Property, the Barricks made claim to Unitrin under their policy of insurance.

14.     To date, Unitrin has paid the Barricks $443,651.13 to repair and replace the damage caused by the Incident.

15.     Unitrin is legally, equitably and contractually subrogated to the rights of the Barricks to the extent of the payments made and payments which may be made in the future.

**COUNT I**
**NEGLIGENCE**
**PLAINTIFF vs. CLAYTON CORPORATION OF DELAWARE**
**d/b/a CONVENIENCE PRODUCTS**

16.     Plaintiff repeats and incorporates by reference paragraphs 1 through 15 herein as though each were fully set forth at length.

17.     At all times material, hereto Convenience owed a duty to the Barricks to use reasonable care in the design, development, production, marketing and sale of the Product.

18.     The Incident was the result of Convenience' negligence in one or more of the following ways:

    a.  Failing to design, test, manufacture and inspect the Product properly to insure that it would not spontaneously combust;

    b.  failing to design, test, manufacture and inspect the Product to insure that it was safe for its intended use;

    c.  failing to design, test, manufacture and inspect the Product to insure that it was safe and performed properly and as advertised;

    d.  failing to insure that the Product's hoses, nozzles, valves and delivery devices operated properly;

    e.  failing to instruct Michael Barrick properly in the use of the Product,

    f.  selling a defective product,

    g.  failing to warn Michael Barrick of the risk of spontaneous combustion and of fire posed by the Product; and,

    h.  failing to insure that the insulation was dispensed from its container properly.

19.     The Incident and damages suffered by the Barricks were the direct and proximate result of Clayton Corporation of Delaware d/b/a Convenience Products negligence.

**WHEREFORE,** Plaintiff, Unitrin demands judgment against Convenience in an amount in excess of $400,000.00 together with prejudgment interest and the costs of prosecuting this action.

**COUNT II**
**STRICT LIABILITY**
**PLAINTIFF vs. CLAYTON CORPORATION OF DELAWARE**
**d/b/a CONVENIENCE PRODUCTS**

20.     Plaintiff repeats and incorporates by reference paragraphs 1 through 19 above as though each were fully set forth at length herein.

21.     Defendant Convenience, sold, designed, manufactured, assembled, distributed and/or otherwise placed in the stream of commerce the subject Product in a defective condition and failed to warn of said defects, which defects and failure to warn rendered the Product unreasonably dangerous.

22.     The Product was defective because it was susceptible to spontaneous combustion and fire when used as intended.

23.     The Product was defective because the application and delivery devices which were part of the Product did not work properly and caused the foam insulation to be dispensed and installed in a dangerous off ratio manner.

24.     The Product was defective due to inadequate warnings and instructions in that when the Product left Convenience it knew or should have known of the risks involved with the use of the Product and failed to provide adequate warnings and instructions to Barrick and means to avoid the risks.

25.     The Product was defective in design in that, when it left Convenience, the dangers and risks presented by the Product exceeded the benefits and utility associated with its design, and, upon information and belief, safer alternative designs, were known and available to Convenience.

26.     The Product was defective in design in that it was in a condition not contemplated or expected by its consumers and unusually dangerous for use in the Property.

27.     Convenience is strictly liable to the plaintiff for all of the foregoing reasons.

28.     The Incident and damages sustained by plaintiff's insured were a direct and proximate result of the failure of the Product which caused damages in excess of $400,000.00

**WHEREFORE**, plaintiff, Unitrin demands judgment against Convenience in an amount in excess of $400,000.00 together with prejudgment interest and the costs of prosecuting this action.

Dated:  October 27, 2015

COZEN O'CONNOR


BY: /s/Peter G. Rossi
PETER G. ROSSI, ESQUIRE
Attorney I.D. No.:  32238
COZEN O'CONNOR
1650 Market St.
Philadelphia, PA 19103
(215) 665-2783
prossi@cozen.com


LEGAL\24696972\1 01383.0011.000/365428.000